UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| In re<br><br>**CHRISTIAN ARTEAGA and ANGIE O. ARTEAGA,**<br><br>Debtor. | Case No. 26-10966-B-7 |
| NORTH COAST STATES REGIONAL COUNCIL OF CARPENTERS,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTIAN ARTEAGA, an individual, and ANGIE O. ARTEAGA, an individual,<br><br>Defendants. | Adv. Proc. No. 26-1036-B<br><br>Docket Control #JNV-2 |

**RULING ON DEFENDANTS' MOTION TO DISMISS**

**INTRODUCTION**

A labor union employee allegedly misled his supervisors about the cause of damage to a union-owned truck. When the union's insurance company refused to pay the claim, the union learned the truck was damaged by being repeatedly struck by a heavy object. After the employee and his spouse filed chapter 7, the union filed an adversary proceeding against the employee and his spouse seeking to have the repair cost for the vehicle and disgorgement of the employee's salary and benefits received during the period between the incident and the employee's termination date.

Debtor employee and spouse moved to dismiss the adversary proceeding for failure to state a claim by which relief can be granted under Fed. R. Civ. Proc. 12(b)(6). The court **GRANTS** the motion with leave to amend.

**BACKGROUND**

The underlying facts of the dispute are alleged in the First Amended Complaint.

Between June 2019 and August 28, 2025, Defendant Christian J. Arteaga ("Christian") was employed by the North Coast States Regional Council of Carpenters ("Union"). He began working for the Union as an organizer and when he was terminated in August 2025, he was on the Union's Strategic Campaign Team and worked as a researcher.[1]

At all relevant times, Christian was married to Angie.

In early August 2025 it was discovered that Christian was having an affair with another Union employee. They were discovered in the parking lot of a casino during a sexual encounter.

Though it is not clear when from the complaint, the Union truck Christian was driving sustained body damage. Christian reported the damage to his supervisor and an executive representative for the Union. Christian claimed that on his way to a Union event in Northern California, a car on the freeway he was driving kicked up a large piece of road debris which looked

[1] The Union requests the court take judicial notice of an exhibit attached to its sur-reply (Doc. #43). The court declines to do so since the question of Christian's status is in dispute. Even if the court was willing to take judicial notice – it is not – the exhibit describes Christian as a "field rep."

like part of a shredded tire or a big piece of plastic from a car part. The passenger side of the truck was scraped.

Christian took photos of the damage and allegedly altered the damage with paint. The Union submitted the photos to the Union's insurance company. The insurance company denied coverage claiming the damage appeared to be intentionally caused by repeated striking of the truck by a hammer or other large hard object like a golf club. The insurance company determined that the damage was not caused by road debris or a piece of plastic from a car.

Christian remained in the Union's employ until the end of August 2025 when was terminated. Though the complaint is unclear, it is presumed that the termination was due at least in part to Christian misleading the Union as to the cause of the damage.

On March 5, 2026, Christian and Angie filed this Chapter 7 bankruptcy case. On June 12, 2026, the Union filed an adversary proceeding against Christian and Angie seeking among other things a determination that claims both Angie and Christian owe the Union are non-dischargeable. Christian and Angie filed a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6). The Union then filed a First Amended Complaint which is the operative complaint for this motion. Doc. #14.

The complaint alleges five claims. They are breach of fiduciary duty; breach of duty of loyalty; non-dischargeability under 11 U.S.C. § 523(a)(6) for willful and malicious injury by the debtor to another entity or property of another entity; non-dischargeability under 11 U.S.C. § 523(a)(4) for fraud or

defalcation while acting in a fiduciary capacity, embezzlement or larceny; trespass to chattels.

The Union alleges that it has been damaged in the amount of the repair costs incurred by the Union that were not covered by insurance and paid by the Union. Also, the Union seeks damages amounting to the wages and benefits Christian received between the time of his alleged misrepresentation to his Union superiors as to the cause of the damage to the truck and the time of his termination at the end of August 2025.

Christian and Angie filed a motion to dismiss the First Amended Complaint under Fed. R. Civ. Proc. 12(b)(6). Christian and Angie argue that the Union's theory that Christian was a "fiduciary" under the Labor-Management Reporting and Disclosure Act of 1959 ("LMRDA") and specifically 29 U.S.C. § 501(a) is not supported by the facts alleged. Accordingly, disgorgement of salary and benefits, which is one item of the Union's damage claim is inappropriate. Christian and Angie also argue that the damages to the truck are not linked to any fraud claims against Christian.

The Union counters that the LMRDA establishes a fiduciary duty and that Christian violated that duty by misusing Union property (the truck) and committing fraud as a fiduciary when he misrepresented the cause of the damage to the Union.

Following full briefing, the Union wanted the opportunity to file a sur-reply because it claimed that the Defendants' reply raised new arguments that the Union did not have the opportunity to address. The court granted the request and provided a time period for the Union to file a brief sur-reply as well as a time

period for the Defendants to file a final sur-reply. Both parties timely filed their sur-replies. The court elected to rule on the matter without hearing. *See* LBR 9014-1(H).

**JURISDICTION**

This court has jurisdiction of this adversary proceeding by reference from the district court under 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a). This is a matter the court can hear and finally determine under 28 U.S.C. § 157(b)(I).

**DISCUSSION**

1. Standards Under Rule 12(b)(6).

When considering a motion to dismiss under Fed. R. Civ. Proc. 12(b)(6) (made applicable to bankruptcy adversary proceedings by Fed. R. Bankr. Proc. 7012) all well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party. *Faulkner v. ADT Security Services, Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013). To survive a motion to dismiss, a complaint must allege "enough facts to state a claim for relief that is plausible on its face." *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

As will be seen below, the Union's theories of non-dischargeability rest on two premises that are not clearly plead.

First is the premise that Christian was a "fiduciary" under LMRDA at the time of the events alleged in the complaint. The second premise is that the damages suffered by the Union stem from Christian's alleged misrepresentation. That may be partially true if he was a "fiduciary" with respect to his wages and benefits but has no linkage to the damage to the Union property. Accordingly, the motion to dismiss should be granted and the Union will have leave to amend.

2. The Non-Dischargeability Claim Under 11 U.S.C. § 523(a)(4) is not Properly Plead.

The § 523(a)(4) discharge exception for "fraud or defalcation while acting in a fiduciary capacity" requires proof of a fiduciary capacity and either fraud or defalcation with respect to an express trust. *Ragsdale v. Haller*, 780 F.2d 794, 796 (9th Cir. 1986). The Supreme Court has held that "fiduciary for purposes of non-dischargeability is an issue of federal law." *Davis v. Aetna Acceptance Company*, 293 U.S. 328, 333 (1934); *Ragsdale* 780 F.2d at 795.

The broad, general definition of fiduciary – a relationship involving confidence, trust and good faith – is inapplicable in the dischargeability context." *Id.* at 796. Instead, the fiduciary relationship must "arise from an express or technical trust that was imposed prior to the wrongdoing that caused the debt." *In re Uriostegui*, 669 B.R. 49, 54 (B.A.P. 9th Cir. 2025) quoting *Plyam v. Precision Development (In re Plyam)*, 530 B.R. 456, 471 (B.A.P. 9th Cir. 2015).

///

The accepted elements of a § 523(a)(4) discharge exception are: (1) express trust existed between the Union and Christian; (2) the debt was caused by Christian's fraud or defalcation; and (3) Christian was a fiduciary to the Union at the time the debt was created. *Auto v. Niles (In re Niles)*, 106 F.3d 1456, 1459 (9th Cir. 1997).

Where the complaint falls short is identifying Christian as a fiduciary. The complaint alleges that Christian began his employment with the Union as an organizer. He then became part of the Union's "Strategic Campaign Team" and a "researcher." Those references do nothing to establish that Christian was a "fiduciary."

Plaintiff urges the application of a provision of the LMRDA which provides in part:

> The officers, agents, shop stewards, and other representatives of a labor organization occupy positions of trust in relation to such organization and its members as a group. It is, therefore, the duty of each such person, taking into account the special problems and functions of a labor organization, to hold its money and property solely for the benefit of the organization and its members and to manage…the same in accordance with its constitution and bylaws and any resolutions of the governing bodies adopted thereunder. 29 U.S.C. § 501(a).

The central purpose of Congress in enacting LMRDA was to prevent misappropriation of Union treasuries or/and racketeering. *O'Hara v. Teamsters Union Local 856*, 151 F.3d 1152, 1161 (9th Cir. 1998) citing *Phillips v. Osborne*, 403 F.2d 826, 828-29 (9th Cir. 1968).

Plaintiff Union attempts to paint Christian with the broadbrush of "officer, agent, shop steward or other

representative" as applicable under 29 U.S.C § 501(a). However, those terms are defined in the LMRDA.

> "Officer, agent, shop steward, or other representative," when used with respect to a labor organization, includes elected officials and key administrative personnel, whether elected or appointed (such as business agents, heads of departments or major units, and organizers who exercise substantial independent authority), but does not include salaried non-supervisory professional staff, stenographic and service personnel. 29 U.S.C. § 402(q).

The complaint does not allege what type of independent authority Christian had while employed by the Union. The only descriptions in the complaint suggest that Christian was perhaps "non-supervisory professional staff." The "fiduciaries" included in those duties set forth in 29 U.S.C. § 501(a) are those with "positions of influence and dominance." See, *McCabey v. IBEW Local 1377*, 415 F.2d 92, 97 (6th Cir. 1969). The complaint does not allege that Christian had a position of influence and dominance. Indeed, the complaint alleges Christian reported the truck damage incident to two superiors. Hence, it is not clear that he was a fiduciary at the time of the alleged actions.

There is a second problem with the complaint in that even if Christian is deemed a fiduciary, there is a linkage problem between his alleged actions and the debt at issue. The damage to the truck was not caused by Christian's alleged fraud or defalcation. It was caused by the truck being struck with a heavy object.

That leaves the salary received by Christian.

Plaintiff's authorities do not support such a damage claim. Though "wrongful gains" by a breaching fiduciary was the award in *Center for Healthcare Education & Research v. International*

*Congress for Joint Reconstruction, Inc.*, 57 Cal.App. 5th 1108; 272 Cal.Rptr. 3d 108 (2020) but the breaching fiduciary there was involved with a competing Union. The same is true with *SEIU Local 250 v. Colcord*, 160 Cal.App. 4th 362, 371 (2008). In *Colcord*, disgorgement was awarded because the breaching fiduciary there supported himself with his employer's wages while he planned to undermine his employer. These California appellate cases, even if binding, do not support the remedy sought here.

Plaintiff also relies on *Stelling v. IBEW Local Union #1547*, 587 F.2d 1379, 1386-89 (9th Cir. 1978) to argue that the Ninth Circuit adopts a "broad view" of a fiduciary under LMRDA. *Stelling* did not deal with who is a fiduciary. Rather, it held that fiduciary obligations extend to non-financial matters. But that case operates from a premise that union officials failed to put a pension related contract to the vote of the members. The individual status as a fiduciary was not the holding of the case.

In short, the complaint does not allege what is necessary to make a debt nondischargeable under § 523(a)(4). In addition to the issue as to whether Christian was a fiduciary, damages claimed either do not stem from Christian's actions as fiduciary - even if he was one - nor do they support a disgorgement damage theory.

3. <u>The Complaint does not Properly Allege Non-Dischargeability Under § 523(a)(6)</u>.

Section 523(a)(6) excepts from discharge any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity." The willful and malice

requirement are analyzed separately and both elements must be met. *Carillo v. Su (In re Su)*, 290 F.3d 1140, 1146-47 (9th Cir. 2002); *Ormsby v. First American Title Co. of Nevada (In re Ormsby)*, 591 F.3d 1199, 1206 (9th Cir. 2010).

Whether a debtor acted willfully is a subjective inquiry: the "willful injury requirement is met only when the debtor has a subjective motive to inflict injury or when the debtor believes that injury is substantially certain to result from his own conduct." *Ormsby*, 591 F.3d at 1206.

A malicious injury involves (1) a wrongful act, (2) done intentionally, (3) which necessarily causes injury, and (4) is done without just cause or excuse. *Su*, 290 F.3d at 1146-47. "Malice may be inferred based on the nature of the wrongful act." *Ormsby*, 591 F.3d at 1206.

The complaint here suffers the flaw that the debtor who the Union seeks to hold responsible for the damage to the truck is not identified.[2] Does the Union contend Angie damaged the truck? Christian damaged the truck? They both damaged the truck? It is not clear from the complaint.

Plaintiff argues that the moment Christian allegedly misled his supervisors about the cause of the damage to the truck, he became disloyal to the interests of the Union. But the Union does not clearly allege whether that was willful and malicious.

That position does not assist the Union in painting Christian as a fiduciary because the trust over which the fiduciary has control must have been created before the act of

[2] In their response to the motion to dismiss, Plaintiff does state that they seek relief under their trespass to chattels theory against Angie. However, that is not clear from the complaint.

wrongdoing. The debtor must have been a trustee before the wrong and not a trustee *ex maleficio. In re Short* 818 F.2d 693, 695 (9th Cir. 1987).

Plaintiff also argues that the salary disgorgement remedy is appropriate here because the damage to the truck was allegedly initially concealed by Christian. Plaintiff cites an unpublished decision *Weber Marking Systems, Inc. v. Woodward*, 8:17-cv-02231-JLS-KES; 2018 WUL 6137600 (C.D. Cal. September 27, 2018). First, *Weber* is not a pleading case but a motion for a default judgment. Second, in *Weber*, defendant employee concealed his employment by a competitor from the outset of his relationship with his plaintiff employer. *1.

Since the defendant debtor who allegedly damaged the truck is not identified, a claim under § 523(a)(6) is not properly pled. In addition, the damages claimed here do not link to the damages the Union allegedly suffered.

4. <u>The Remaining Claims do not Support a Claim of Non-Dischargeability</u>.

Plaintiff pleads a claim under state law for breach of fiduciary duty. The elements of a cause of action for breach of fiduciary duty are the existence of fiduciary relationship, its breach, and damage proximately caused by that breach. *Center for Healthcare Education & Research, Inc.* 57 Cal.App 5th at 1126 citations omitted. Proof of all three of those elements does not amount to a non-dischargeable claim. In addition to the problem the plaintiff faces with labeling Christian a "fiduciary" to the Union the necessary scienter must also be plead. In *Bullock v.*

*BankChampaign, N.A.*, 569 U.S. 267, 269 (2013) the Supreme Court held that a "culpable state of mind" is necessary before a non-dischargeable claim under § 523(a)(4) can be pled. A culpable state of mind is not an element of California's breach of fiduciary duty tort.

Breach of a duty of loyalty as pled in the complaint suffers the same infirmity. To state a claim under California Law for breach of a duty of loyalty, a plaintiff must plead (1) the existence of a relationship giving rise to a duty of loyalty; (2) one or more breaches of that duty; and (3) damage proximately caused by that breach. *EDC. Techs., Inc. v. Seidel*, 216 F.Supp. 3d 1012, 1016 (N.D. Cal. 2016).

As with the state law breach of fiduciary duty, the culpable state of mind required under § 523(a)(4) and the "willful and malicious injury" requirements under §523 (a)(6) are not part of the elements of a breach of the duty of loyalty. Accordingly, by itself, a breach of the duty of loyalty does not give rise to a non-dischargeable claim.

The same is true with respect to trespass to chattels. Under California Law, trespass to chattels lies where an intentional interference with possession of personal property has proximately caused injury. *Jamgotchian v. Slender*, 170 Cal.App 4th 1384, 1401; 89 Cal.Rptr. 3d 122, 134 (2009). Trespass to chattels applies when the interference is not sufficiently important to be classed as a conversion. *Berry v. Frazier*, 90 Cal.App. 5th 1258, 1271; 307 Cal.Rptr. 3d 778, 791 (2023).

///

///

Here, even proof of all of the of elements of trespass to chattels will not, without more, provide a basis for a non-dischargeable claim.

Thus, the first, second and fifth claims as pled in the First Amended Complaint are essentially unnecessary. Nevertheless, the court does perceive that a set of facts can be pled which can establish a non-dischargeable claim for damage to the truck. Perhaps other facts would support a non-dischargeable claim as well. Thus, the court is not going to preclude the Plaintiff from filing a second amended complaint.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss the First Amended Complaint under Fed. R. Civ. Proc. 12(b)(6) is **GRANTED.** The court does grant Plaintiff Union leave to amend. A second amended complaint shall be filed and served within 21 days of entry of the order. A separate order will issue.

**Dated:** Nov 23, 2026

**By the Court**

René Lastreto II

**René Lastreto II, Judge**
**United States Bankruptcy Court**

**Instructions to Clerk of Court**
**Service List - Not Part of Order/Judgment**

The Clerk of Court is instructed to send the Order/Judgment or other court generated document transmitted herewith to the parties below. The Clerk of Court will send the Order via the BNC or, if checked ___, via the U.S. mail.

Judy Kang
Daniel M. Shanley
Shanley, APC
533 S Fremont Ave., 9th Floor
Los Angeles, CA 90017

Justin Vecchiarelli
677 W. Palmdon Dr. #201
Fresno, CA 93704